1
2
3
4
5
6
7
8

[Attorney Information Listed on Next Page]

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

CHERYL MILLER, KENNETH BARNER, STEPHANIE TURANO, AND CRISTINA BARAJAS individually and on behalf of all others similarly situated,

          Plaintiffs,

v.

PETSMART, INC., and DOES 1 THROUGH 100
          Defendants

Case No. _1:12-at-00808_____

**CLASS ACTION COMPLAINT FOR:**

  **(1) FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED BUSINESS EXPENSES [Cal. Labor Code § 2802];**

  **(2) UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code §§17200, et seq.];**

  **(3) PRIVATE ATTORNEY GENERALS ACT CLAIM UNDER LABOR CODE SECTION 2600 et seq.; AND**

  **(4) DEMAND FOR JURY TRIAL**

*Plaintiffs' Class Action Complaint*

**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann, Esq. (State Bar No. 229832)
Tatiana Hernandez, Esq. (State Bar No. 255322)
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

**MICHAEL MALK, ESQ., APC**
Michael Malk, Esq. (State Bar No. 222366)
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 203-0016
Facsimile:  (310) 499-5210

**WALTER HAINES, ESQ.**
United Employees Law Group, P.C. (State Bar No. 71075)
65 Pine Avenue, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Fax: (562) 256-1006


ATTORNEY FOR PLAINTIFFS CHERYL MILLER, KENNETH BARNER,
STEPHANIE TURANO  AND CRISTINA BARAJAS

Plaintiffs Cheryl Miller, Kenneth Barner, Stephanie Turano and Cristina Barajas (collectively "Plaintiffs"), individually and on behalf of all those similarly situated, by and through their counsel, bring this Class Action Complaint ("Complaint") against Defendant PetSmart., Inc., and Does 1 through 100 (Defendant PetSmart, Inc. and Does 1 through 100 shall collectively be referred to as "Defendants" and "PetSmart") on personal knowledge with respect to themselves and their own acts, and on information and belief as to other matters, alleges as follows:

## I. NATURE OF ACTION

1. Plaintiffs bring this action on behalf of themselves, on behalf of the California general public, and as a class action on behalf of Defendants' California employees who were employed by PetSmart from December 14, 20008 until the present (the "Class Period") for failure to reimburse employees for business expenses incurred when (a) Defendants' employees travelled in their own personal vehicles on behalf of Defendants  to Defendants' other store locations to perform INTERSTORE INVENTORY TRANSFERS (referred to herein as "ISITs") i.e., transporting inventory between stores, (b) when Defendants' employees transported animals to veterinarians in their personal vehicles on behalf of Defendants (referred to

herein as "vet runs," and (c) when Defendants' employees went to the bank to obtain change for Defendants in their personal vehicles.

## II. <u>JURISDICTION AND VENUE</u>

2. Jurisdiction of this Court is proper under diversity jurisdiction and the Class Action Fairness Act of 2005 ("CAFA").  The Court has jurisdiction of this case pursuant 28 U.S.C. §§1332(a) and the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d), 1453 and 1711-1715 in that the number of members of the proposed plaintiffs class in the aggregate exceeds 5,000 individuals, Plaintiff is a citizen of the state (California) different than Defendant (Delaware), and the amount in controversy exceeds $5,000,000.00 exclusive of costs and interest.  Defendant PetSmart is within the jurisdiction of this Court.  Defendant PetSmart transacts millions of dollars of business in the State of California.  Thus, Defendant PetSmart has obtained the benefits of the laws of the State of California and is subject to personal jurisdiction by this court.  Plaintiffs are residents of the state of California and therefore subject to personal jurisdiction in this court.

3. Venue is also proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims, as well as the course of conduct charged herein, occurred in Merced County within this District and this Division.

*Plaintiffs' Class Action Complaint*

### III. THE PARTIES

4.  Plaintiff Cheryl Miller ("Plaintiff Miller"), who at all relevant times referenced herein, resided in Merced County, California, is a former employee of Defendants.  From approximately October 2006 through August 2011, Plaintiff Miller was employed at Defendants' store located at 1196 West Olive Avenue, Merced California 95348. Specifically, from October 2006 through October 2007 Plaintiff Miller worked as a Pet Production Manager. From October 2007 through around February 2010 Plaintiff Miller worked as a Pet Care Manager. From around February 2010 through the end of her employment with Defendants in August 2011 Plaintiff Miller worked as a Support Manager.

5.  As a Pet Product Manager, Pet Care Manager and then as a Support Manager, Plaintiff Miller regularly used her personal vehicle for business-related purposes, such as driving to the bank to get coins/change, transporting animals to veterinarians, and/or transferring items from one store to another. As a result, she incurred expenses in the form of unpaid fuel costs and vehicle wear and tear. She was never reimbursed for these business related expenses.

6.  Plaintiff Kenneth Barner ("Plaintiff Barner"), who at all relevant times referenced herein, resided in Los Angeles County, California, is a former

employee of Defendants.  From 2008 to approximately 2009 Plaintiff Barner worked as a Store Manager at Defendants' store located in Woodland Hills, California. From 2009 to about March 2011, Plaintiff Barner worked as a Store Manager at Defendants' store located at 2568 W. Commonwealth Avenue, Alhambra, California.

7. As a Store Manager, Plaintiff Barner also used his personal vehicle for business-related purposes, such as driving to the bank to get coins/change, transporting animals to veterinarians, and/or transferring items from one store to another and, as a result, he incurred expenses in the form of unpaid fuel costs and vehicle wear and tear. He was never reimbursed for these business related expenses.

8. Plaintiff Stephanie Turano ("Plaintiff Turano"), who at all relevant times referenced herein, resided in Los Angeles County, California, is a former employee of Defendants. From approximately 2004 to May 26, 2011, Plaintiff Turano worked as a Cashier, Pet Production Manager, Presentation Manager and Operations Manager in two of Defendants' store in California. Specifically, from approximately 2004 to 2006, Plaintiff Turano worked as a cashier at Defendants' Store located in Stevenson Ranch, California. She was then trained and worked as a Pet Production Manager from approximately 2006 to 2008.  From 2008 to 2010 Plaintiff Turano worked as

Presentation Manager at the same store. In or around 2010 Plaintiff Turano was transferred to Defendants' Store located in Santa Clarita and worked as an Operations Manager until the end of her employment with Defendant in May 26, 2011.

9. As a Pet Production Manager, Presentation Manager and then as a Operations Manager, Plaintiff Turano regularly used her personal vehicle for business-related purposes, such as driving to the bank to get coins/change, transporting animals to veterinarians, and/or transferring items from one store to another. As a result, she incurred expenses in the form of unpaid fuel costs and vehicle wear and tear. She was never reimbursed for these business related expenses.

10. Plaintiff Cristina Barajas ("Plaintiff Barajas"), who at all relevant times referenced herein, resided in Los Angeles County, California, is a former employee of Defendants.  From March 13, 2009 to approximately November 19, 2012 Plaintiff Barajas worked as a Pet Care Manager in a number of Defendants' stores in California.  Specifically, Plaintiff Barajas worked from March 13, 2009 to 2011 as a Pet Care Manager at the PetSmart stores located in Woodland Hills, California and Santa Clarita, California.  From 2011 through to the end of her employment in November 19, 2012, Plaintiff

Barajas worked as a Pet Care Manager at the PetSmart store located in Stevenson Ranch, California.

11. As a Store Manager, Plaintiff Barajas also used her personal vehicle for business-related purposes, such as driving to the bank to get coins/change, transporting animals to veterinarians, and/or transferring items from one store to another and, as a result, she incurred expenses in the form of unpaid fuel costs and vehicle wear and tear. She was never reimbursed for these business related expenses.

12. Upon information and belief, Defendant PetSmart is a Corporation doing business in California by operating numerous locations throughout the state. Its headquarters and principal place of business is 19061 North 27th Avenue, Phoenix, Arizona 85027. Defendants employed Plaintiffs and similarly situated persons as Store Managers, Pet Production Managers, Pet Care Managers, Support Manager and Operations Managers in California.

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under Code of Civil Procedure §474.  Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE are legally responsible in some manner for the

unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. Defendant PetSmart and Does 1-100 shall collectively be referred to as "Defendants."

14. Plaintiffs are informed and believe, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the proposed class.

15. Throughout the Class Period, Defendants employed more than 5,000 employees as Store Managers, Pet Production Managers, Pet Care Managers, Support Manager and Operations Managers in California who used their own personal vehicles to perform work-related, necessary trips on behalf of Defendants without receiving reimbursements for their mileage-related gas expenses and vehicle wear and tear.

# IV. CLASS ACTION ALLEGATIONS

16. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. Rule 23(b)(3) on behalf of a class consisting of:

**All current and former Store Managers, Pet Production Managers, Pet Care Managers, Support Managers and Operations Managers and all similarly titled employees employed by Defendant PetSmart, Inc. in the State of California (hereafter "Class Members") from December 14, 2008 through the present (the "Class Period").**

17. <u>Numerosity</u>.  Plaintiffs believe there are more than 5,000 current and former employees in the Class. Given Defendants' systemic failure to comply with California laws outlined in this action, the members of the Class are so numerous that joinder of all members is impractical.

<u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the members of the Class, because all Class Members are or were employees of Defendant who sustained damages arising out of Defendants' failure to reimburse employees for all expenses in discharging of their duties, including (a) mileage expenses incurred while performing inventory transfers in their personal vehicles; (b) mileage expenses incurred while performing bank runs in their personal vehicles; and/or (c) mileage expenses incurred while transporting animals from the store to veterinarians and vice-versa.

18. <u>Adequacy of Representation</u>. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any member of the Class. Plaintiffs have retained counsel competent and experienced in complex class action litigation with sufficient financial resources to litigate this case through class certification and trial.

19. <u>Predominance of Common Issues</u>.  Common questions of law and fact exist as to all members of the Class, and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and the Class are:

    a.  Whether Defendant had a policy or practice of not reimbursing Store Managers, Pet Production Managers, Pet Care Managers, Support Manager and Operations Managers for the mileage expenses they incurred while driving their own vehicles for work related purposes, including inter-store inventory transfers, bank runs, and/or transporting animals to veterinarians;

    b.  Whether Defendants violated Labor Code §2802 and the applicable IWC Wage Order by failing to reimburse Store Managers, Pet Production Managers, Pet Care Managers, Support Manager and Operations Managers for their out-of- pocket expenses incurred

through for the use of personal vehicles in the discharge of their job duties;

c.  Whether Defendants violated §17200 et seq. of the Business & Professions Code by failing to provide reimbursement of all mileage-related expenses to Store Managers, Pet Production Managers, Pet Care Managers, Support Manager and Operations Managers employed in California from December 15, 2008 through the present;

d.  Whether Plaintiff and other similarly situated aggrieved employees are entitled to recover penalties under California's Private Attorney Generals Act, Labor Code section 2699 et seq. based on Defendants failure to reimburse Store Managers, Pet Production Managers, Pet Care Managers, Support Manager and Operations Managers for their mileage-related expenses incurred while performing ISITs, mileage expenses incurred while performing bank runs in their personal vehicles, and/or mileage expenses incurred while transporting animals from the store to veterinarians and vice-versa.

e.  Whether Plaintiffs and the members of the proposed class are entitled to equitable relief pursuant to Business & Professions Code §17200, et seq.

20. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class members are readily identifiable from Defendants' employee rosters and/or payroll records.[1]

21. Defendants' actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendants.

22. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this

---

[1]Under California law, Defendants must keep payroll records for all employees for at least two years. See, Cal. Labor Code §1174(d).  Under federal law, Defendants must generally keep payroll records for at least three years. See, 29 C.F.R. Part 516 et seq.

controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## V. <u>FACTUAL ALLEGATIONS</u>

23. Plaintiffs repeat and re-allege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

24. Labor Code §2802 requires employers to indemnify employees for all necessary expenditures incurred by employees in the discharge of their duties.

25. Plaintiffs and other members of the Class were employed as Store Managers, Pet Production Managers, Pet Care Managers, Support Manager and Operations Managers in California by Defendants at various times during the Class Period. At any one time during the Class Period, Defendants employed thousands of full-time Store Managers, Pet Production Managers, Pet Care Managers, Support Manager and Operations Managers in its different departments at its approximately 135 locations in California.

26. At all relevant times herein, Plaintiffs and Class Members utilized their own vehicles on a regular basis (with a frequency of approximately once per month) to travel between the stores at which Plaintiffs and Class Members were based and Defendants' other locations to perform ISITs, on behalf of

Defendants. When customers requested an item that was not in stock at the employee's home store, Plaintiffs and Class Members would use Defendants' computer system to locate the item at another of Defendants' nearby locations.  Upon information and belief,  most of Defendants' stores used the  Point of Sale System (POS) to identify inventory for ISITs. Whether or not the ISITS were performed at the store closest to each manager's home store location or not, all Class Members performed ISITs without receiving mileage reimbursement despite the fact that Defendants knew or should have known that such expenses were being incurred.

27. Once the item was located in Defendants' computer system, the employee typically called Defendants' pick-up location to verify that the merchandise was in stock. The employee then used Defendants' computer system to create a "Transfer".

28. PetSmart's  inter-store transfers were documented in the Transfer Reports that were generated from information inputted through PetSmart's "Point of Sale" computer system , including the date of the transfer, the item or product needed, the quantity needed, the name of the sending store, the store number and name for the receiving store location.  The computer generated two copies, one copy stayed with the sending store and the other copy went with the item to the receiving store. Defendants kept these records for loss

*Plaintiffs' Class Action Complaint*

prevention to check on items and for stores when they did inventory to locate the item.

29. Through these Transfer Reports and also through its computer database information and its store rosters, PetSmart's upper management was aware that Plaintiffs and the Class Members were routinely performing inter-store inventory transfers. PetSmart was also aware that these inventory transfers were being done with employees' personal vehicles since PetSmart provided no trucks or vehicles for employees to use to perform these inventory transfers. The transfer of these items was necessary to the function of Defendants' business.

30. Similarly, PetSmart knew or should have known that Plaintiffs and Class Members made runs to the bank ("bank runs") in their personal vehicles in order to get coins/change. Despite this knowledge, neither Plaintiffs nor other Managers received reimbursement for their gas mileage expenses incurred while performing their necessary job duty of traveling to and from the bank to get coins/change.

31. Plaintiffs and Class Members were also authorized and required by Defendants to travel during their scheduled shifts in their personal vehicles (with a frequency of approximately once per week) to transport animals from their home stores to veterinarians and vice-versa. Plaintiffs and Class

Members were routinely required to take animals owned by PetSmart and also animals owned by customers who became sick or were injured in the grooming department to veterinarians.

32. Defendants were aware that Plaintiffs and the Class Members were routinely transporting animals to veterinarians because Plaintiffs and Class Members paid with Defendants' corporate credit cards for these pet visits and also, when animals were injured at any of Defendants' store's locations Plaintiffs and Class Members were required to complete injury reports that triggered visits to the veterinarians and discussed such visits.

33. Through Defendants' policies and failure to properly train Plaintiffs and Class Members in reimbursement practices, and through Defendants' failure to affirmatively reimburse Plaintiffs and Class Members for their personal mileage expenses known by Defendants to have been incurred during the performance of the job duties of Plaintiffs and Class Members, Defendants required and/or permitted Plaintiffs and the Class Members to bear the burden of paying for the use of their personal vehicles on behalf of Defendants without reimbursement.  Defendants' policy was that employees' mileage related gas expenses and vehicle wear and tear would not be reimbursed unless employees submitted reimbursement requests even when Defendants were aware that such expenses were routinely incurred by

Class Members.  Plaintiffs and Class Members were not provided with gas cards, company credit cards or any other pre-paid means of traveling to accomplish these necessary work duties.

34. As a result, Defendants are liable to Plaintiffs and the Class Members for the amounts expended by Plaintiffs and the Class Members in fuel expenses and vehicle wear and tear, plus interest, penalties, and attorneys' fees and costs pursuant to Labor Code §2802.

## VI. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR EXPENSES

## [Calif. Labor Code §2802]

35. Plaintiffs re-allege and incorporate by reference the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

36. Labor Code §2802 requires employers to indemnify employees for all necessary expenditures incurred by employees in the discharge of their duties.

37. At all relevant times herein, Defendants were aware  (or should have been aware) that Plaintiffs and the Class Members were using their personal vehicles for ISITs, bank runs to obtain change and/or to transport animals to veterinarians, but failed to indemnify Plaintiffs and Class Members for their

business related expenses incurred therein in accordance with Labor Code §2802. Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants maintained a practice of not reimbursing employees for the mileage expenses they incurred driving their own vehicles for work related purposes, i.e., for ISITs, bank runs and for taking animals to veterinarians.

38. As a result of Defendants' conduct, Plaintiffs and the Class Members suffered damages in an amount, subject to proof, to the extent they were not reimbursed for all the mileage expenses they incurred driving their own vehicles for work- related purposes.

39. Pursuant to Labor Code §2802, Plaintiffs and Class Members are entitled to recover the full amount of their un-reimbursed business expenses, reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### UNFAIR/UNLAWFUL BUSINESS PRACTICES

### [Cal. Bus. & Prof. Code §§17200, et seq.]

40. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

41. Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.

42. Wage and hour laws express fundamental public policy.  Providing employees with proper reimbursement of expenses and providing employees with wages upon termination/resignation are fundamental public policies of this State and of the United States.  Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their standards.

43. Defendants have violated statutes and public policy.  Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to public policy, have violated Section 2802 of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code §17200, et seq., depriving Plaintiffs, others similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

44. Defendants, as herein alleged, either knew or in the exercise of reasonable care should have known that their conduct challenged herein was unlawful.  As such it is a violation of §17200 et seq. of the Business & Professions Code.

45. Defendants, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care should have known that the conduct was unlawful.  As such it is a violation of §17200 et seq. of the Business & Professions Code.

46. As a proximate result of the above-mentioned acts of Defendants, Plaintiffs and others similarly situated have been damaged in a sum as may be proven.

47. Pursuant to Business and Professions Code §17203, Plaintiffs and the Class Members are entitled to restitution of monies rightfully belonging to them for business related expenses that Defendants failed to reimburse and wrongfully retained by means of its unlawful and unfair business practices.

### THIRD CAUSE OF ACTION

**PRIVATE ATTORNEY GENERAL ACT CLAIMS**

**FOR PENALTIES, ATTORNEYS' FEES AND COSTS**

**[CAL. LABOR CODE §§ 2698, 2699]**

48. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

49. Under the Labor Code Private Attorney General Act ("PAGA"), Labor Code Sections 2698-99, private parties may recover civil penalties for violations of the California Labor Code and applicable IWC Wage Orders.

These penalties are in addition to any other relief available under the Labor

Code and the applicable IWC Wage Order.

50. As set forth above, Defendants have committed violations of the California

Labor Code and applicable IWC Wage Orders, and are entitled to civil

penalties.  Plaintiffs and the Class Members are entitled to civil penalties for

their necessary business related expenses incurred therein in accordance with

Labor Code §2802.

51. Section 2699.3(a)(1) of the Labor Code provides that, prior to bringing suit,

an aggrieved employee "shall give written notice by certified mail to the

Labor and Workforce Development Agency ("LWDA") and the employer of

the specific provisions of this code alleged to have been violated, including

the facts and theories to support the alleged violation."  Pursuant to Labor

Code § 2699.3, on December 14, 2012, Plaintiff Barajas gave notice to the

Labor and Workforce Development Agency and Walgreens of the specified

Labor Code provisions alleged to have been violated herein. Labor Code §

2699.3 (2) (a) requires the LWDA to notify the employee or representative

within 30 calendar days of the date of the PAGA notice that it does not

intend to investigate. Upon receipt of the notice or if no notice is received

within 33 calendar days of the PAGA notice, the aggrieved employee can

pursue a civil action in court and/or pursue the PAGA claim in an existing

lawsuit. Accordingly, as of January16, 2013, all administrative prerequisites to the pursuit of the PAGA claim alleged herein will have been satisfied.

52. Under PAGA, Plaintiff Barajas and the Class Members who worked for Defendants from January 16, 2012 through the present are entitled to recover the maximum civil penalties permitted by law from Defendants for its violations of the California Labor Code and the applicable California IWC Wage Order, for each pay period during which a violation of Section 2802 of the Labor Code occurred, as alleged in this Complaint. Plaintiff and the referenced members of the Class are also entitled to recover their attorneys' fees and costs under Labor Code Section § 2699.

## VII. <u>DEMAND FOR JURY TRIAL</u>

53. Plaintiffs hereby demand trial by jury on their individual and class-wide claims stated herein against Defendants.

## VIII. <u>PRAYER FOR RELIEF</u>

54. WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, pray for judgment against Defendants as follows:

An Order that this action may proceed and be maintained as a class action on behalf of the Class;

a)      <u>On the First Cause of Action:</u>

(1)   A declaratory judgment that Defendants violated California Labor Code Section §2802;

(2)   Compensatory damages in the amount of Plaintiffs' and the Class Members' out of pocket expenses and/or reimbursement of monies incurred while performing Defendants' business related duties plus interests, costs and attorney's fees to the fullest extent allowable under the law; and

(3)   An award to Plaintiffs and the Class members for their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Cal. Code of Civil Procedure §2802(c).

b)   <u>On the Second Cause of Action:</u>

(1)   A declaratory judgment that Defendants violated California Business and Professions Code §17200;

(2)   Restitution of unpaid reimbursements for mileage-related gas expenses and vehicle wear and tear to Plaintiffs and the Class Members, including, but not limited to, the relief permitted pursuant to Labor Code §2802; and

c)   <u>On the Third Cause of Action</u>

(1)   A civil penalty against Defendants in the amount of $100 for the initial violation and $200 for each subsequent violation as specified in Labor Code § 2699(f)(2) based on Defendants' violation of Labor Code 2802;

(2)   All penalties available under the Private Attorneys General Act;

(3)   An award of reasonable attorneys' fees against Defendants as specified in Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection with the PAGA claims; and

(4)   An award of all costs incurred by the undersigned counsel in connection with PAGA claim against Defendants, as provided for in Labor Code § 2699(g)(1);

d)   Award of prejudgment and post judgment interest;

e)   An award providing for payment of costs of suit; and

f)   For all other relief as this Court deems proper.


Dated:   December 14, 2012            Respectfully submitted,

                                    CRAIG ACKERMANN, ESQ.
                                    MICHAEL MALK, ESQ.
                                    WALTER HAINES, ESQ.

                          By:_____
                                    Craig Ackermann
                                    Attorneys for Plaintiffs
                                    and the Putative Class


*Plaintiffs' Class Action Complaint*